CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM
MAR 1 0 2000
ROBERT M. MARCH
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

v.

BENJAMIN MORA BUSTOS,

Defendant-Movant.

No. CIV-00-0210 LH/WWD
CR-98-957 LH (HB)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed February 11, 2000. Rule 4(b) Governing Section 2255 Proceedings. In his motion Defendant claims that, because he is a deportable alien and therefore not eligible for certain early release programs, his sentence violates his right of due process and the prohibition against cruel and unusual punishment. For the reasons below, the motion will be dismissed.

Defendant's alienage and consent to deportation are insufficient as a basis for the relief sought. "Unless specifically prohibited by the Sentencing Guidelines, any factor may be considered as a potential basis for departure." *United States v. Fagan*, 162 F.3d 1280, 1283 (10th Cir. 1998) (citing *Koon v. United States*, 518 U.S. 81, 109, 116 S.Ct. 2035, 2051 (1996)). Although consent to deportation as a basis for departure "is not expressly forbidden, discouraged, or encouraged by the Sentencing Guidelines..., it is insufficient, as a matter of law, to warrant a downward departure." *United States v. Clase-Espinal*, 115 F.3d 1054, 1057 (1st Cir.) (citing *Koon*, 518 U.S. at ---, 116 S.Ct. at 2045), *cert. denied*, --- U.S. ---, 118 S.Ct. 384 (1997). Defendant cites to certain cases



which, he asserts, allowed the requested departure under the sentencing guidelines. *United States v. Bakeas*, 987 F. Supp. 44, 48-49 (D. Mass. 1997); *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994) ("downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence"). Ineligibility for this program, however, does not increase the severity of Defendant's sentence; it merely precludes reduction of the prison term imposed by the Court. No relief is available on Defendant's claims, and the motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed February 11, 2000, is DISMISSED with prejudice, and this civil proceeding is DISMISSED.

UNITED STATES DISTRICT JUDGE